Carole Emerson

v.

Decker Realty Corporation

Record No. 831182

September 5, 1986

Present: All the Justices

*Robert M. White (White and Selkin*, on brief), for appellant. No brief or argument for appellee.

COMPTON, J., delivered the opinion of the Court.

In this breach of contract case, we consider whether the trial court erred in awarding the defendant a pre-trial summary judgment solely on the basis of the plaintiff's answers to interrogatories.

Appellant Carole Emerson, a licensed real estate broker, was the plaintiff below. In a third amended motion for judgment, she alleged that in May 1977 she entered into a written agreement with defendant Decker Realty Corporation whereby she was retained as an independent contractor to sell real estate. There were subsequent oral modifications to the initial contract. She alleged that in November 1977 the agreement was amended to require her to perform managerial services for the corporation. She was to receive a fee of ten percent of the net commissions earned by defendant in addition to a percentage of the commissions she earned on sales in which she participated.

In January 1979, according to the allegations, the agreement again was amended. The plaintiff was advised that her fee was being reduced to six percent of defendant's net commissions because of the company's "cash flow" problems. She was promised, however, that the fees would increase quarterly during the year to nine, twelve and, ultimately, fifteen percent. Plaintiff alleged that she accepted the offer and continued to perform managerial services.

The plaintiff further alleged that in February 1979 defendant "unlawfully terminated" her managerial contract. In addition, her "regular fees" were terminated and she was returned to her former sales position at a reduced income. Defendant advised her, according to the allegations, that the termination was only tempo-

rary and that she again would be retained to perform managerial duties and would be paid at her former rate. The plaintiff, however, remained in her sales position until she was finally discharged from her employment in August 1979, according to the allegations.

Plaintiff sought damages for the income she would have earned as manager from the February termination until her final release in August. As discovery proceeded defendant deposed plaintiff and propounded interrogatories. Based solely on information "derived from interrogatory responses from the plaintiff," defendant moved for summary judgment on four separate grounds. The trial court granted the motion on the fourth ground, ruling that "the plaintiff had consented to the verbal agreement terminating her position as a sales manager when she continued to perform as a sales broker and to receive compensation therefor from February 27, 1979, until August 1979."

On appeal, plaintiff contends the trial court erroneously awarded summary judgment because a material fact — whether or not she consented to the February demotion — was in dispute. She maintains that nowhere in the 28 interrogatories was the question: "Did you consent to the verbal termination of your position as sales manager in February, 1979?" Moreover, she argues she never stated, nor could it be inferred from any of her responses, that she gave her consent. We agree.

Rule 3:18 provides: "Summary judgment shall not be entered if any material fact is genuinely in dispute." Clearly, a genuine issue exists concerning whether Emerson agreed to her demotion. None of her answers to interrogatories would support a finding that she consented to the termination. Only two interrogatories and their responses even bear on this issue:

"22. On February 27, 1979, was there any question in your mind that your position as a manager had been terminated?

"[A.] As to Interrogatory #22, no. Plaintiff was told that she had been replaced and to vacate her office and return to sales immediately.

"23. Did you know that you had been fired as manager on or about February 27, 1979?

"[A.] As to Interrogatory #23, yes."

 These answers merely show that plaintiff knew she had been discharged from her managerial position and that she followed defendant's orders to return to a sales position. These responses cannot be construed as plaintiff's acceptance of another amendment to her contract. As plaintiff argues, simply because she continued to work for defendant in sales following her demotion does not as a matter of law establish that she had given her consent to the demotion.

Accordingly, we will reverse the judgment in favor of defendant and remand the case for further proceedings.

*Reversed and remanded.*