## CIRCUIT COURT OF ARLINGTON COUNTY

Potomac Electric Power Co.

v.

Mon Paris Restaurant, Inc., et al.

March 23, 1987

Case No. (Law) 26061

By JUDGE WILLIAM L. WINSTON

This case is before the court on the Motion for Summary Judgment filed by the defendants Golub and Weinsoff. These defendants are the landlords in the case. The restaurant was a tenant in the building, and the plaintiff is a public service company furnishing electricity.

The plaintiff alleges, that unknown to it, a line was run to the building and electric power was furnished to the defendants, among others, without payment being made. The counts in the Motion for Judgment when winnowed down appear to base liability on contract and conversion, whether the latter be fraudulent, wanton, or negligent.

A ruling was made in the case which sustained the Demurrer as to the cause of action referred to as "negligent conversion." A ruling was also made on the plea of the Statute of Limitations.

In support of the Motion for Summary Judgment, the landlord asserts that no facts are alleged which support the plaintiff's position. Rather, it claims that all allegations point only to parties doing the construction of the restaurant as well as the tenant, Mon Paris. Further, the landlord points out that the wrongdoer's identity is never alleged.

The Motion then proceeds to enumerate with particularity certain matters gained by processes of discovery and concludes generally that Golub and Weinsoff received no

benefit from their tenant having electricity and that they never billed them for it. These various allegations were supported by the attachment to the motion of certain exhibits.

A significant element in this case is that portion of the lease which is quoted on page 4 of the motion under consideration. It is of significance not only in so far as it adjusts the responsibility for the payment for electricity between landlord and tenant, but it would appear that evidence related to the treatment given that portion of the contract by the parties in the performance of the same may be of great aid in ascertaining the true meaning which the parties gave to it and intended that it have. Surely in a commercial lease the financial responsibility for the payment of utilities is of no small moment.

It appears from any fair reading of all the memoranda filed in support of and in opposition to the Motion for Summary Judgment that there are a number of material facts which are genuinely in dispute. The matters relating to the lease and the responsibility for electricity, whether the landlord participated in any conversion of electricity, who if anyone made the connection which is complained of, and at whose request, or under whose employment or direction it may have been made are all matters which must be considered at trial. The enumeration of the foregoing is not intended to be exclusive of others which may be present or develop.

Summary Judgment under Rule 3:18 was never intended to inject into the law a new method of trial where issues of fact exist. *Leslie v. Nitz*, 212 Va. 480, S.E.2d 755 (1971). In these cases the courts must adopt those inferences most favorable to the party whose evidence is sought to be struck, unless the inferences are strained, forced or contrary to reason. *Bloodworth v. Ellis*, 221 Va. 18, 267 S.E.2d 96 (1980). The case at bar is not a case governed by *Murphy v. Holiday Inns, Inc.*, 216 Va. 490 (1975), where a question purely of law could be resolved by reference to an agreement, there being no disputed facts. The principles enunciated in these cases are aids in deciding this case.

For all of the foregoing reasons the court will deny the defendants Golub and Weinsoff's Motion for Summary Judgment.