## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Elliott and Associates
Builders Developers, Inc.

v.

Spotsylvania Television
Cable Network, Inc.

April 15, 1987

By JUDGE WILLIAM H. LEDBETTER, JR.

This matter is before the court for a ruling on the defendant's motion for summary judgment. Memoranda have been filed, and arguments were heard on April 14, 1987.

This is an action in trespass brought by the plaintiff (Elliott), who claims to own certain property in Battlefield Green Subdivision, against the defendant (Cable), a cable service operator holding a franchise to operate a cable system in Spotsylvania County. Elliott contends that Cable installed equipment and facilities on its property without permission, in a willful and deliberate manner. Incongruously, Elliott also alleges that Cable's trespass interferes with Elliott's "opportunities. . . to provide television transmission services, for profit, to the residents of said subdivision."

First, Cable filed a plea of *res judicata*, based on the court's dismissal of an earlier suit which was similar in most respects to this one. However, the plaintiff in the former suit was not the same as here, and the plaintiff's announced interest (i.e., that of a holder of a nonexclusive easement) was not the same as here. Accordingly, on October 30, 1985, the court overruled the plea.

Cable then filed grounds of defense denying the trespass, or, in the alternative, asserting that any trespass upon property owned by Elliott was inadvertent and that such intruding lines would be removed.

Approximately 14 months later, Cable moved for summary judgment, alleging that Section 621 of the Cable Communications Policy Act (47 U.S.C. § 541), enacted in 1984, precludes the plaintiff's claim.

### The Issue

Simply put, the issue is whether the aforesaid Act, which became effective on December 30, 1984, precludes recovery by the plaintiff in this case.

Careful study of the Act, especially the provisions of 47 U.S.C. § 541, confirms Cable's position regarding the construction and applicability of the Act. That section specifies that all cable franchises are to be construed to authorize the construction and maintenance of a cable system over public rights-of-way and over easements which have been dedicated for compatible uses. In effect, franchise authorities and courts are mandated to construe all such franchises as granting an "automatic easement" wherever property has been previously dedicated to compatible utility services.

The Act is not limited in its applicability to franchises granted after the effective date of the Act. Reading all of the sections together, the provisions of the section in question do appear to apply to pre-1984 franchises, thereby writing into such franchises an easement right which relates back to the date the franchise was granted.

Elliott contends that even if the statute can be construed to apply to cable franchises that predate the Act, it cannot be validly applied to situations in which, as here, a cause of action had accrued, or vested, prior to its effective date. However, Elliott cites no authority in support of its position, which is clearly at odds with the language and apparent intent of the legislation.

Therefore, this court is of the opinion that the Act provides a mandatory rule of construction, effectively reading into all cable franchises the grant of an easement under the circumstances specified in 47 U.S.C. § 541(a)(2).

*Rule 3:18*

Resolving the issue of construction raised in Cable's memorandum in support of its motion does not, however, dispose of the motion.

Under Rule 3:18, summary judgment may be granted at any time after the parties are at issue if there is no material fact genuinely in dispute. If issues of fact are in dispute, the motion cannot be granted. All doubt is to be resolved against the moving party. The purpose of the rule is to expedite litigation with as few technicalities as possible, and to avoid many of the common law procedural tactics, but it does not substitute a new method of trial where an issue of fact exists. (*See, e.g., Leslie v. Nitz*, 212 Va. 480 (1971).)

From remarks made by counsel at the hearing on April 14, 1987, it appears that (1) Cable's "intrusions" upon the subject property are limited to those areas set aside for utility easements; (2) the easement areas in question are those described in paragraph 9 of the recorded deed of dedication of Battlefield Green Subdivision; and (3) Elliott's claim is based upon a fee ownership of certain lots in the subdivision which are traversed by these dedicated utility easements. However, not one of these crucial facts has been established, admitted, or stipulated. The motion for judgment contains allegations relating to interference with Elliott's "opportunities. . . to provide television transmission services. . . ." Thus, it may be that the plaintiff is not limiting its claim to that of a damaged landowner. During the presentation of argument, reference was made to the fact that Elliott may seek to prove that Cable trespassed outside the geographical boundaries of the easement areas, a circumstance not protected by the Act. Perhaps Elliott will seek to prove that the "safety, functioning and appearance" of his property has been "adversely affected," a circumstance specifically excluded from coverage of the Act. All of these possible factual issues, still unresolved, come within the potential scope of the claim of trespass, and are material facts that are not undisputed.

For the foregoing reasons, Cable's motion for summary judgment must be overruled and denied.

This action was commenced in June of 1984. The defendant has filed a bill for particulars, requests for admissions, and interrogatories, but there is nothing in the file to indicate that the plaintiff has responded to any of these discovery efforts or that the defendant has attempted to compel responses (except the requests for admissions, all but one of which were denied by the plaintiff). Although it appears that many facts could be stipulated, or admitted, they have not been, a situation which, as noted above, militates against a disposition of the case at this point, less than two weeks prior to trial, notwithstanding the court's announced views concerning the interpretation and reach of the Cable Communications Policy Act.

In the interest of economy, and for the purpose of framing the issues suitable for jury determination, consistent with the foregoing views, counsel are requested to participate in a pretrial conference on either April 21 or April 23, at 1:00 p.m., in Spotsylvania.