## CIRCUIT COURT OF FAIRFAX COUNTY

Charles M. Anderson et al.

v.

Dinesh C. Sharma et al.

Case No. (Chancery) 125374

By JUDGE RICHARD J. JAMBORSKY

June 30, 1992

This matter came before the Court on several motions made by the Andersons. They moved for summary judgment on their bill of complaint, they moved to have their requests for admission deemed admitted, they moved for sanctions against defendants under Rule 4:12 of the Virginia Supreme Court, and they demurred to the Sharmas' cross-bill.

The motion for summary judgment is denied. Summary judgment is not entered when facts remain in material dispute. *Emerson v. Decker Realty Corp.*, 232 Va. 71 (1986). The facts concerning the circumstances surrounding the creation of the promissory note and deed of trust and the subsequent alleged pay-off still remain in dispute.

The request to have the Sharmas' response to the request for admissions deemed to be admitted is denied. The evidence as to when the Sharmas were served is conflicting. There is a discrepancy as to when the Sharmas were served because of the disparity in the dates the process server swore to on his American Eagle Process Servers form and the affidavit he filed with the court.

The motion for sanctions pursuant to Rule 4:12(d) of the Virginia Supreme Court for failure of the Sharmas to attend the deposition is denied. The certificate of service of the praecipe and notice of motion to quash the deposition and for a protective order, signed by Mr. Mackall, is dated May 1, 1992. Therefore, the Andersons had sufficient notice that the Sharmas did not intend to appear.

The demurrer is sustained in part and overruled in part. The cross-bill, as a whole, does state a cause of action cognizable under Virginia law. The demurrer to paragraph fourteen is sustained with leave to amend within twenty-one days. The Andersons are incorrect in their assertion that defendants should have filed a counterclaim instead of a cross-bill against them. The Andersons are invited to look at Rule 2:13 of the Virginia Supreme Court Rules. The Andersons are not entitled to any costs in filing this demurrer.

### March 25, 1994

On January 12, 1994, this Court entered a decree in the instant case, the seventeenth paragraph of which ordered:

> The Court, having fully considered the proceedings in this case, the record of baseless litigation instituted in this Court by the Complainant, Charles M. Anderson, against various judges and attorneys, hereby orders the said Charles M. Anderson not to institute any more suits of any kind in this Circuit without obtaining prior leave of Court.

By Complainant's letters dated March 2, 1994, and February 14, 1994, and Complainant's *Objections to Court Actions at January 10, 1994 Motions and Order Entered January 12, 1994*, filed January 27, 1994, with the Clerk of the Circuit Court for Fairfax County, Virginia, Complainant objects to the January 12, 1994, order of this Court. Specifically, Complainant objects to the seventeenth paragraph of the decree entered in this case on January 12, 1994, and prays the Court to remove the bar against instituting any more suits in this Circuit. Alternatively, Complainant asks the Court to grant leave of the Court to institute an additional action against Chief Judge Richard J. Jamborsky of this Court. Finally, Complainant seeks an extension in time to pay the sanction ordered in the decree of January 12, 1994. Accordingly, the Court has treated Complainant's objections and letters as a motion for reconsideration on those issues.

After a careful and thorough review of the record of litigation instituted in this Court by Complainant Charles M. Anderson, the Court affirms the decree barring Charles M. Anderson from instituting further suits in this Circuit without prior leave of Court, denies Complainant's request to institute an action against Chief Judge Jamborsky, denies the prayer for an extension of time and, therefore, denies the motion for

reconsideration. In fact, paragraph 17 of the decree of January 12, 1994, should be enlarged.

A review of the litigation brought in this Court by Charles M. Anderson reveals a litany of vitriolic and baseless actions replete with allegations repeatedly determined to be unsupported by fact and without merit.[1] Further review of the disposition of these actions reveals consistent dismissals with prejudice of the cases and voluntary nonsuits entered by Mr. Anderson, frequently in the face of motions for summary judgments and motions for sanctions.[2] In addition, the record of litigation instituted by Mr. Anderson in this Court reflects a continuing pattern of frivolous, vindictive, and harassing suits and actions brought against judges, attorneys, litigants, and others associated with past litigation involving Mr. Anderson.[3] The record of litigation instituted by Mr. Anderson further reveals a litany of vitriolic and bizarre

---

[1] *See infra* footnotes 2 and 3. Anderson has repeatedly and consistently filed actions in violation of § 8.01–271.1 of the Code of Virginia and the Rules of the Supreme Court of Virginia. The Court further notes that the compilation of cases brought by Mr. Anderson as cited within this opinion are by no means comprehensive and therefore considerably understate his litigation.

[2] *See e.g.,* L98080 *Charles M. Anderson v. Charles C. Dunn* (Voluntarily nonsuited 10/2/90); C116695 *Charles M. Anderson v. L. H. Griffith* (Voluntarily nonsuited 10/16/90); L98550 *Charles M. Anderson v. Jack Stevens* (Voluntarily nonsuited 10/16/90); L115605 *Charles M. Anderson v. Velsco Corp.* (Voluntarily nonsuited 11/19/92); L103910 *Charles M. Anderson v. Robert C. Hudson* (Dismissed with prejudice 7/26/91); C125162 *Charles M. Anderson v. Bear Garden Nursery* (Dismissed with prejudice 6/2/92); L122919 *Charles M. Anderson v. Warden Beck* (Dismissed with prejudice 4/16/93); L102242 *Charles M. Anderson v. Gregory Harris* (Dismissed with prejudice 6/6/91); L97619 *Charles M. Anderson v. Marc A. Busman* (Dismissed as frivolous with sanctions awarded against Anderson 7/6/90); L97618 *Charles M. Anderson v. Lamar & Wallace, Inc.* (Dismissed with prejudice 7/16/90); L97617 *Charles M. Anderson v. Elinor Porter* (Dismissed with prejudice 6/5/91); L97616 *Charles M. Anderson v. Miller Building Supply Co., Inc., et al.* (Dismissed with prejudice 6/22/90); L125441 *Charles M. Anderson v. Carl R. Peed* (Dismissed with prejudice 2/18/94).

[3] *See e.g.,* L98080 *Charles M. Anderson v. Charles C. Dunn* (Defendant attorney had served as a Commissioner in Chancery and made adverse rulings to plaintiff Anderson's objections) (Cause of action alleged slander in hallway of Fairfax Circuit Court — nonsuited 10/2/90); L103910 *Charles M. Anderson v. Robert C. Hudson* (Defendant attorney); L115605 *Charles M. Anderson v. Velsco Corp.* (One day after Velsco was granted judgment against Anderson in a prior case (successfully prosecuted for nonpayment of contract), Anderson filed breach of contract alleging the Defendant had breached the contract — voluntarily nonsuited after Defendant

statements and allegations and a pattern of equating adverse rulings with alleged bias by the judiciary of the Court.[4]

---

brought motion for sanctions for filing frivolous actions); L97617 *Charles M. Anderson v. Elinor Porter* (After losing prior case against asphalt company, Anderson sued the wife of the co-owner of the company — dismissed with prejudice 6/5/91); L102242 *Charles M. Anderson v. Gregory J. Harris*, (Defendant attorney won a case against Anderson whereupon Anderson refused to pay the judgment and instituted this action. Anderson alleged Defendant had committed perjury in the previous trial, presented false evidence, was aided and abetted by Judge Brown who had a "clear hatred, bias, and prejudice against Plaintiff [Anderson] and allowed Defendant to act contrary to the law, fact, and proper judicial and court conduct", withheld evidence, etc. — dismissed with prejudice 6/6/91); L97619 *Charles M. Anderson v. Marc A. Busman, et al.* (action brought against lawyers (including Marc Busman and Charles Dunn), law firms (including Busman & Busman and Hyatt Legal Services), judges (naming Judge Stevens as defendant and alleging bias on part of Judge Brown — "get off my back and stay away from me with your evil", Judge Plummer and Judge Griffith), and even court reporters involved in prior case — dismissed as frivolous with sanctions awarded 7/6/90); L97618 *Charles M. Anderson v. Lamar & Wallace, Inc.*, (bringing action against attorneys for filing a mechanic's lien against Anderson on behalf of their clients — dismissal with prejudice 6/5/91); L97616 *Charles M. Anderson v. Miller Building Supply Co., Inc., et al.* (bringing action against attorneys for filing a mechanic's lien against Anderson on behalf of clients — dismissal with prejudice 6/22/90); L125441 *Charles M. Anderson v. Carl R. Peed* (bringing action against sheriff for executing a lawful writ against Anderson and alleging "overwhelming evil power of the judicial system and particularly the judges of this Court"); L98550 *Charles M. Anderson v. Jack B. Stevens* (bringing action against Fairfax Circuit Court Judge Stevens for slander and denial of due process arising out of a hearing before Judge Stevens, Anderson alleges Defendant is "motivated, along with discussions and agreements among other judges to harm plaintiff in order to take his house from him and burden him as part of a long-term hatred for and vendetta against plaintiff by the Fairfax judiciary" — voluntarily nonsuited 10/16/90); C116695 *Charles M. Anderson v. L. H. Griffith* (action against Fairfax Circuit Court Judge for denial of due process in previous litigation "out of bias, prejudice, and personal hatred for plaintiff" in a conspiracy by Defendant "continuing some fourteen years, starting with collaboration with Thomas Fortkort [Fairfax Circuit Court Judge] . . . with Thomas J. Middleton" [Fairfax Circuit Court Judge] and "covered up by this court with the knowledge and assistance of the Supreme Court of Virginia — voluntarily nonsuited 10/16/90); C126255 *Charles M. Anderson v. J. Conrad Waters, et al.* (bringing action against Chief Judge Waters of Fairfax County General District Court, a Deputy Clerk of Fairfax County General District Court, and a Deputy Sheriff of Fairfax County alleging they met with an attorney and "devised a plan of conspiracy . . . to deny complainant due process, fair hearing, opportunity to be heard, and other civil rights and liberties . . . in the context of a twelve-year history of hatred by the judges of General District Court" — dismissed

The Court has an inherent power to protect its jurisdiction from repetitious, frivolous and harassing conduct which abuses the judicial process.[5] A Court's power to require a litigant to seek leave of court before instituting suit or filing pleadings has been upheld when necessary to prevent further abuse of the judicial system.[6] In *In re Martin-*

---

with prejudice 7/13/92); C129986 *Charles M. Anderson v. Commonwealth of Virginia* (bringing action against Virginia and Chief Judge Jamborsky of Fairfax Circuit Court alleging denial of due process by Judge Jamborsky that the judge "lied"; that Judge Jamborsky caused Judges Fortkort, Kenny, Hancock, Stevens, McWeeny, Bach, and others to act with prejudice; that Judge Jamborsky "met with the Chief Justice of the Virginia Supreme Court in the company of said Judge Fortkort in Richmond, Virginia, and discussed how to continue to execute further and similar prejudicial and harmful action against complainant . . . as initiated by Judges Brown, Stevens, Grifith [sic], and Middleton of this court").

[4] *See supra* footnote 3 (especially allegations of conspiratorial conduct by the Fairfax judiciary, both General District Court and Circuit Court, the bar, and the Supreme Court of Virginia to deny due process out of "evil" and "prejudice"); *see also,* C125374 *Charles M. Anderson v. Dinesh C. Sharma* (alleging: "I complain of you for your evil, malicious harm to my wife of January 10, 1994, and state further that I hate you for it so deeply I cannot properly describe it. You are the most foul person I have ever encountered." (Letter to court dated March 2, 1994)); also stating Judge Stevens, Annunziata, Middleton, Brown, Plummer and Commissioner Mackall conspired against Anderson in a "brotherhood of power", that "There is a contest between you and me. I am fighting for due process. You are fighting to do me in and get my home and get me out of the state. And all the judges are watching to see if you'll do what they all want — my ass on a stick," that Judge Jamborsky is trying "to cause the early demise of my wife . . . additionally I name in this foul plot co-conspirators, Judges Fortkort, Stevens, Griffith, Brown, and Middleton" (Letter to Court requesting recusal dated January 4, 1994, consisting of seven pages of such bizarre allegations and animosity for Fairfax judiciary).

[5] *Day v. Day*, 114 S. Ct. 4, 5 (1993); *Martin v. District of Columbia Court of Appeals*, 113 S. Ct. 397 (1992) (per curiam) (denying in forma pauperis status and recognizing inherent judicial power to administer justice); *In re Sindram*, 498 U.S. 177 (1991) (per curiam); *In re MacDonald*, 489 U.S. 180, 184 (1989) (per curiam) (stating "[e]very paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of this Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice").

[6] *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984); *Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir. 1981) (holding valid and constitutional a pre-filing review procedure for a pro se petitioner's complaints by which the Court could dismiss any complaint that was "frivolous on its face or is malicious"); *see also, Procup v. Strickland*, 729 F.2d 1069, 1072, n. 5 (11th Cir. 1986) (recognizing inherent power and duty of court to

*Trigona*, the United States Court of Appeals for the Second Circuit affirmed an order which enjoined a litigant from filing "any new action or proceeding in any court (state or federal) without first obtaining leave of that court," due to the disruptive, frivolous, harassing and meritless filings.[7] The pro se litigant of *In re Martin-Trigona* had a history of litigation similar to the documented history of Mr. Anderson: vexatious, frivolous, and intended to cause harassment and needless expense of defendants who were judges, lawyers, and "individuals who in one way or another had any relationship, directly or indirectly, to any matter concerning him."[8] The Court of Appeals noted in *In re Martin-Trigona* that:

> in cases such as the instant one, private parties and their counsel (who may have to notify an insurance carrier of actions against them no matter how frivolous) may well decide that the course of wisdom is not to seek injunctive relief, which may only generate new harassing actions, but to hope the malicious litigant finds new quarry.[9]

In the instant case, this Court finds that it possesses both the power and duty to protect the public and judicial system from Mr. Anderson's abusive penchant for litigation. Therefore, after review of the record of baseless litigation instituted in this Court by Charles M. Anderson, the Court concludes that the decree of January 12, 1994, entered by this Court barring Mr. Anderson from instituting "any more suits of any kind in this Circuit without obtaining prior leave of Court" is merited and necessary to prevent continued abuse of the legal system.

In addition, to preserve and protect the public and judicial system of Virginia, this Court concludes that it is necessary to further establish a procedure for appropriate restrictions on institution of new actions by

---

protect the judicial system and the validity of pre-filing review procedures) (noting the "investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge"); *Green v. Carlson*, 649 F.2d 285 (5th Cir. 1981) (imposing procedure on pro se petitioner for his pattern of frivolous and malicious filings and stating "[n]o one, rich or poor, is entitled to abuse the judicial process" citing *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975)).

[7] 737 F.2d 1254, 1259 (2d Cir. 1984).

[8] *Id.* at 1256 (citing an "incessant stream of frivolous or meritless motions, demands, letters to the court . . . as well as lawsuits").

[9] *Id.* at 1262.

Mr. Anderson in all courts of the state of Virginia. By order attached to and entered contemporaneously with this letter opinion, henceforth, Mr. Anderson is required to: inform the court in which he seeks to file of pertinent facts concerning the action he intends to bring, including the existence of this injunction order and of any outstanding litigation against the named defendants, and that he obtain leave of that court to file the action. The Court concludes that such action is necessary and within its inherent authority.

The Court next addresses Mr. Anderson's request to institute a second suit against Chief Judge Jamborsky. His proposed suit would allege denial of due process and Mr. Anderson's alleged loss of consortium with his wife. The Court notes that no cause of action exists in Virginia for loss of consortium; further, when transcribed the transcript of the hearing in which the decision was issued by the Court to allow the deposition of Mr. Anderson's wife, as well as the order, reflects that this Court gave Mr. Anderson an opportunity to present medical testimony concerning his wife's condition and to place limitations on the time and method of deposition of Mrs. Anderson. Accordingly, the Court denies the request to permit institution of an action against Chief Judge Jamborsky.

Lastly, the Court addresses Complainant's request for an extension of time in which to make payment of a monetary sanction imposed by the decree entered January 12, 1994, in this case. In two previous incidences the Complainant has been granted an extension of time by the Court, but continually granting Mr. Anderson an extension defeats the purpose of sanctions which is to deter his conduct. Therefore, the request for an extension of time in which to satisfy a sanction is denied.

Accordingly, for the reasons set forth above and as ordered and decreed in the attached order, Complainant's motion to reconsider is denied as to all issues.

### Order

This comes before the Court on the Motion of Complainant, Charles M. Anderson, pro se, to reconsider the decree of this Court entered on January 12, 1994, in this matter, and Complainants' request that this Court vacate the decree, which in the seventeenth paragraph orders Complainant Anderson "not to institute any more suits of any kind in this Circuit without obtaining prior leave of Court," and Complainant

Anderson's request for leave of Court to institute an action against Chief Judge Richard Jamborsky, and Complainant Anderson's request for an extension of time to make payment of a sanction ordered in the decree of January 12, 1994,

And it appearing to the Court upon due and proper consideration that for the reasons set forth by letter opinion, a copy of which is attached hereto, that the Complainant Anderson's motions should be denied, it is, therefore, adjudged, ordered, and decreed that Complainant Anderson's motions are denied.

And it is further adjudged, ordered, and decreed that for the reasons set forth in the letter opinion that Complainant Charles M. Anderson is restrained from further filings in this Court and the courts of the state of Virginia without obtaining prior leave of the Court, in which the action is to be instituted, pursuant to the following procedure: that Complainant shall inform the court in question of pertinent facts concerning the action he intends to bring, including the existence of this injunction order and of any outstanding litigation against the proposed defendants, and that Mr. Anderson obtain leave of that court to file the action.

And it is further adjudged, ordered, and decreed that to obtain leave of a court to institute an action, that Complainant Anderson shall:

1. File with any such complaint a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File";

2. Attach a copy of this order and letter opinion as exhibit 1 to that motion;

3. Attach a sworn affidavit under penalty of law that the claim he wishes to present is a new claim never before raised by him in any court, and that such claim is neither frivolous nor intended to harass;

4. Attach as exhibit 3 to that motion an identification by listing the caption of each and every suit previously filed by him or on his behalf in any court against each and every defendant to the suit he wishes to file;

5. Attach as exhibit 4 to that motion a copy of each such complaint and a certified record of its disposition;

6. Serve a copy of this order on each defendant if and when leave to serve the complaint in the new case is granted.

And it is further adjudged, ordered, and decreed that failure to comply with the terms of this order may be sufficient grounds for a court to deny any motion for leave to file made by Charles M. Anderson, and

further that failure to advise a court in which he has filed a lawsuit of this order or to comply with this order may be considered by the appropriate court as a sufficient defense to sustain a motion to dismiss such a lawsuit.

And it is further adjudged, ordered, and decreed that a copy of this order and attached letter opinion be served on the Complainant forthwith.