## CIRCUIT COURT OF LOUDOUN COUNTY

Farmers & Merchants
National Bank of Hamilton

v.

Geoffrey T. Williams
and Susan B. Williams

February 10, 1993

Case No. (Law) 13421

BY JUDGE THOMAS D. HORNE

This case is before the Court on the motion of the Defendant, Susan B. Williams, for summary judgment in her favor based upon the asserted invalidity of the continuing guarantee executed by her in favor of the plaintiff bank. Her claim is based upon a violation of the Equal Credit Opportunity Act, 15 U.S.C.§ 1691, *et seq.* (hereinafter referred to as ECOA). The plaintiff has requested, by way of a motion for partial summary judgment, that the defendant be held barred from asserting by way of a counterclaim or recoupment any relief under the Act. Mrs. Williams has not heretofore raised the violation of statute by a counterclaim, plea of recoupment, or affirmative defense. While such a failure on the part of the Defendant would, in itself, warrant the denial of the motion for summary judgment, the Court will, neverthe-

less proceed to address the other issues raised by Defendant's motion in order that this case may proceed. A trial date has been set.

On July 22, 1986, Geoffrey T. Williams and his wife Susan executed a continuing loan guarantee with the Farmers & Merchants Bank of Hamilton. As a result of the execution of the guarantee, the bank extended credit to both Mr. and Mrs. Williams. On June 12, 1991, Geoffrey Williams made and delivered a promissory note to the plaintiff, supported by the continuing guarantee, which is the subject of these proceedings. The note is in default and the bank seeks recovery on the note and guarantee. Between the time of the execution of the guarantee and the delivery of the note, Mr. and Mrs. Williams were divorced. Their is no evidence before the Court that Mrs. Williams knew of the execution of the note by Mr. Williams or that she shared in the proceeds of the loan evidenced by the note. Mrs. Williams took no steps to rescind the guarantee prior to the extension of credit to Williams in June of 1991. The guarantee provides for written notice of withdrawal. Judgment has been entered against Mr. Williams on the note and continuing guarantee.

Defendant contends that, as to her, the contract of guaranty, having been executed by her in violation of ECOA, is, under principles of contract law, illegal and void *ab initio*. She contends that, despite the fact credit had been extended to both her and her husband at the time of the execution of the guarantee, her husband met the test of "creditworthiness" under the act and that her signature was required solely by virtue of her marital status. This, she suggests, is further evidenced by the later note and extension of credit subsequent to the divorce. Such a conclusion is neither justified by the evidence or the law.

Summary judgment is based on the pleadings, orders made at a pretrial conference, admissions, interrogatories under Rule 4:8(d), depositions upon written questions (Rule 4:6), and documents produced pursuant to Rule 4:9. Summary judgment cannot be based on affidavits in Virginia. *Hennage etc. Inc. v. Department of Taxation*, 9 Va. Cir. 104 (1987). Summary judgment is entered only on questions of law; if any material question of fact is in dispute, then the lawsuit must proceed. E.g., *Emerson v. Decker Realty Corp.*, 232 Va. 71, 348 S.E.2d 239 (1986); *Elliott & Assoc. v. Spotsylvania T.V., Inc.*, 12 Va. Cir. 81 (1987). "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, at 158, (1970). "The burden of establishing the nonexistence of a 'genuine issue' is on the party moving for summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and the Court must view the facts and inferences in a light most favorable to the nonmoving party. *Ballinger v. North Carolina Agric. Extension Serv.*, 815 F.2d 1001 (4th Cir.), *cert. denied*, 484 U.S. 897 (1987).

The evidence properly to be considered consists of the continuing loan guarantee and the pleadings. On this scant evidence, clearly the defendant has not met her burden of showing the absence of a material issue. Therefore, the Court must deny defendant's Motion for Summary Judgment.

Defendant has not, *inter alia*, established that the bank required her to sign the continuing loan guarantee based on her marital status. To establish discrimination under the ECOA, defendant would have had to show that the defendant Geoffrey T. Williams qualified, by himself, under the plaintiff's standards of creditworthiness at the time of the execution of the guarantee. Under 12 C.F.R. § 202.7(d)(5), "[i]f, under a creditor's standards for creditworthiness, the personal liability of an additional party is necessary to support the extension of credit requested, a creditor may request a cosigner, *guarantor*, or the like." A spouse may indeed act as a guarantor. The mere fact that the bank may have extended credit to Mr. Williams subsequent to the divorce, does not demonstrate either that Mr. Williams would have so qualified in his own right or that Mrs. Williams did not benefit from the guarantee.

Aside from the factual issues which bar summary judgment, there remains the legal issue of whether ECOA can be raised as defense to recovery under the guarantee rather than by way of a counterclaim or recoupment. Plaintiff is correct in asserting in its opposition papers to the motion for summary judgment, that ECOA may not be raised as a bar to collection. To the contrary, one asserting a claim is entitled to redress by way of damages, both actual and punitive, attorney's fees, as well as declaratory and injunctive relief. 15 U.S.C. § 1691(e). In this case, such a claim might be raised by a counterclaim or recoupment. Such a counterclaim would be barred by the two year statute of limitations provided for in the act. 15 U.S.C. § 1691e(f).

A review of the relevant case law supports the holding that an affirmative action, i.e, a counterclaim, brought under the statute beyond the limitations period is barred. However, it also appears from the cases

that a common law recoupment defense is not barred. *Federal Deposit Insurance Co. v. Notis*, 602 A.2d 1164 (1992) (although affirmative action under ECOA would be time-barred, defense in nature of recoupment is not); *Marine Amer. State Bank v. Lincoln*, 433 N.W.2d 709 (1988) (debtor may assert ECOA claim in nature of recoupment although affirmative action damages under the ECOA would be barred by limitations); *City of Richmond v. C. & P. Telephone Co.*, 205 Va. 919 (1965) ("A defense of recoupment is not barred by the statute of limitations so long as the main action out of which the claim arose is timely.").

In enacting the Equal Credit Opportunity Act, Congress found a need:

> to insure that the various financial institutions and other firms engaged in the extensions of credit exercise their responsibility to make credit available with fairness, impartiality, and without discrimination on the basis of sex or marital status. Economic stabilization would be enhanced and competition among various financial institutions and other firms engaged in the extension of credit would be strengthened by an absence of discrimination based by an absence of discrimination on the basis of sex or marital status, as well as by the informed use of credit which Congress has heretofore sought to promote.

Act Oct. 28, 1974, P.L. 93–495, Title V, § 502, 88 Stat. 1521.

One could argue that economic stabilization would not be the result were the Court to approve the *post hoc* analysis of creditworthiness suggested by the defendant. "The purpose of the ECOA is to eradicate discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit." *Anderson v. United Finance Co.*, 566 F.2d 1274 (9th Cir. 1982); *see also Markham v. Colonial Mortgage Serv. Co.*, 605 F.2d 566 (D.C. Cir. 1979). In this case Mrs. Williams, as well as Mr. Williams, was entitled to the extension of credit as a result of execution of the guarantee. To the extent she might show damages as a result of the bank requiring her signature in violation of the act, she has a remedy. She may not, however, recover from the bank for her failure to withdraw the guarantee.

Thus, should the defendant prove a violation by the bank, this would not render the entire debt invalid. *CMF Virginia Land, L.P. v. Edward L. Brinson*, 806 F. Supp. 90 (E.D. Va. 1992) (Williams, J.). "[T]here is no authority, in statutory language or case law, for the proposition that a violation of the ECOA renders an instrument void." *Diamond v. United Bank & Trust*, 776 F. Supp. 542 (N.D. Okla. 1991).

This court is not unmindful that other courts may have construed the act as a bar to collection. However, this Court agrees with those authorities which have held that the remedy of damages provided by the act is that which Congress deemed to be the exclusive remedy under the Act. The ECOA permits an award of damages up to the amount of actual damages incurred as well as punitive damages not to exceed $10,000. In addition a claimant may be entitled to an award of attorneys' fees and injunctive or declaratory relief. The statute does not afford relief by way of rendering an instrument void.

For the foregoing reasons, the Court denies defendant's motion for summary judgment. As defendant has asserted no claim for damages or for recoupment, it is unnecessary that the Court address the issue of the statute of limitations or of the bar of recoupment for a sealed instrument. In denying the motion for summary judgment, the Court finds that ECOA may not be used to void the contract of guarantee as to Mrs. Williams.