650

# CIRCUIT COURT OF HANOVER COUNTY

Narayanswarup, Inc.

v.

Doswell Hospitality, L.L.C., et al.

August 26, 2010

Case No. CL08-979

BY JUDGE J. OVERTON HARRIS

Before the Court is Doswell Hospitality, L.L.C.'s ("Doswell") Demurrer to Plaintiff's Complaint as amended and Motions for Partial Summary Judgment. The Court heard argument on August 19, 2010, and took the matters under advisement. Following thorough review of the pleadings, the memoranda, and briefs filed by counsel and the law, the Court finds as follows.

*I. Demurrer*

A. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted.

Va. Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69. Upon examination and consideration of the exhibits, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997); *see Dodge v. Randolph-Macon Women's College*, 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008).

B. *Background*

Accepting the factual allegations in Plaintiff's Complaint and amendments thereto as true, the following are relevant to the demurrer and Motion for Partial Summary Judgment.

Narayanswarup, Inc., is a Virginia corporation that owns approximately eight-tenths of an acre of real property in Hanover County, Virginia. Doswell owns real property adjoining Plaintiff's property, which it is developing into hotels (hereinafter "the Doswell Hospitality Property"). Doswell engaged Harrell Contracting, Inc. ("Harrell"), a Virginia corporation, to clear and prepare the site and related building pads for the construction of hotels on the Doswell Hospitality Property. Harrell in turn engaged Ronald Gilliland, t/a Fine Line Excavating, Inc. ("Fine Line"), to perform excavation of the Doswell Hospitality Property.

Prior to July 19, 2008, Harrell and Gilliland, acting at the direction of Doswell and in furtherance of Doswell's business interests, entered Plaintiff's property without the permission or consent of Plaintiff and (a) cleared a large portion of the property; (b) excavated approximately 6,750 cubic yards of earth and fill material from the property; and (c) piled contaminated soils on the property.

Plaintiff subsequently filed a four count Complaint, which has been amended twice, naming Doswell, Gilliland, t/a Fine Line, and Harrell as defendants (hereinafter collectively "the Defendants"). Plaintiff is seeking to recover from the Defendants, jointly and severally, $300,000 in

compensatory damages for trespass, conversion, and unjust enrichment. Additionally, Plaintiff is seeking to recover $25,000 in punitive damages.

Doswell demurs on the following grounds: (1) Plaintiff's Complaint fails to state facts upon which relief may be granted; (2) Doswell could not have been unjustly enriched; and (3) Plaintiff's Complaint fails to allege any grounds for punitive damages.

## C. *Analysis*

### 1. *Failure To State Facts upon Which Relief May Be Granted*

Count I of Plaintiff's Complaint is a claim for common law trespass. Count II is a claim for conversion. The Complaint alleges that Harrell and Gilliland, t/a Fine Line, entered Plaintiff's property without the permission or consent of Plaintiff and (a) cleared a large portion of the property; (b) excavated approximately 6,750 cubic yards of earth and fill material from the property; and (c) piled contaminated soils on the property. Doswell argues on demurrer that Plaintiff has failed to plead essential facts that could render Doswell vicariously liable for the actions of Harrell and Gilliland, t/a Fine Line.

As a general rule, a principal is liable to third persons for the negligent or wrongful acts of his agent committed within the scope of the agency or employment. *Jefferson Standard Life Ins. Co. v. Hedrick*, 181 Va. 824, 834, 27 S.E.2d 198, 202 (1943). An agency relationship results "from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control and the agreement by the other so to act." *Raney v. Barnes Lumber Corp.*, 195 Va. 956, 966, 81 S.E.2d 578, 584 (1954) (citing Restatement Agency, § 1 (American Law Institute)). There is no presumption that an agency relationship exists. Contrarily, one is legally presumed to be acting for himself and not as the agent of another. *Id.* (citing *Montague Mfg. Co. v. Aycock-Holly Lumber Co.*, 139 Va. 742, 747, 124 S.E. 208, 209 (1924); *Brumley v. Grimstead*, 170 Va. 340, 358, 196 S.E. 668, 676 (1938)). The party alleging that an agency relationship exists has the burden of proof. *Id.*

Under Virginia law, two factors must be present for an agency relationship to be established. First, the agent must be subject to the principal's control with regard to the work to be done and the manner of performing it. *Whitfield v. Whittaker Memorial Hospital*, 210 Va. 176, 181, 169 S.E.2d 563, 567 (1969). Second, the work has to be done on the business of the principal or for the benefit of the principal. *Id.*

A complaint must state a cause of action or "state facts upon which the relief demanded can be granted." Va. Code § 8.01-273. A complaint is sufficient if it states the "essential facts" of the case and informs the defendant of the "true nature of the claim." Va. Sup. Ct. R. 1:4(d) and (j).

In the present case, Plaintiff's Complaint sets forth the essential facts of an agency relationship and informs the Defendants of the true nature of the claim. Plaintiff's Complaint alleges the existence of an agency relationship. It states "at all times relevant herein, Harrell Contracting, Inc., was the agent of and acted on behalf of Doswell Hospitality, L.L.C.," and "Gilliland was an employee/agent of Harrell Contracting and operated under the direction and control of Harrell Contracting." In support of its claim that an agency relationship exists, Plaintiff alleges the following facts: (1) Doswell directed Harrell to do the acts that are the subject of Plaintiff's Complaint; and (2) Harrell and Gilliland, t/a Fine Line, were acting on behalf of and in furtherance of Doswell's business interest when the alleged trespass and conversion occurred.

Plaintiff stated sufficient facts in the Complaint upon which the requested relief may be granted. Accordingly, Doswell's demurrer on the basis of failure to state sufficient facts to support Plaintiff's claim that an agency relationship exists is overruled.

### 2. *Unjust Enrichment*

Count III of Plaintiff's Complaint is a claim that Plaintiff is entitled to compensation for unjust enrichment as a result of each Defendant's use of, and profit from, Plaintiff's earth and fill material. On demurrer, Doswell argues that it could not be unjustly enriched because Doswell hired Harrell to perform the site work.

A demurrer is a pleading that raises questions of law. In ruling on a demurrer, the court must "consider as true all material facts that are properly pleaded. Further, a demurrer tests only the legal sufficiency of a pleading, not matters of proof." *Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993) (citations omitted).

Whether Doswell was unjustly enriched and whether it was possible for Doswell to be unjustly enriched are questions of fact to be determined at trial, not on demurrer. Accordingly, Doswell's demurrer to Count III of Plaintiff's Complaint is overruled.

### 3. *Punitive Damages*

Plaintiff's Complaint requests an award of $25,000 in punitive damages. On demurrer, Doswell argues that the Complaint fails to allege any grounds for punitive damages.

The purpose of punitive damages is to punish the wrongdoer and to warn others. *Hamilton Dev. Co. v. Broad Rock Club, Inc.*, 248 Va. 40, 45, 445 S.E.2d 140, 143 (1994). Punitive damages "may be recovered only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others." *Id.* A principal may be held liable for punitive damages if the principal participated in the wrongful act. *Hogg v. Plant*, 145 Va. 175, 181 133 S.E. 759, 761 (1926). "Punitive damages may only be recovered where the plaintiff has made an express claim for them in the prayer for relief or ad damnum clause, sufficient to put the defendant on notice that an award of punitive damages is sought apart from, and in addition to, the compensatory damages claimed." *Harrell v. Woodson*, 233 Va. 117, 122, 353 S.E.2d 770, 773 (1987).

Plaintiff has stated facts sufficient to support its claim for punitive damages. In the Complaint, Plaintiff alleges the Defendants' trespass was "wanton, willful, and intentional and in calculated disregard of Plaintiff's rights." Plaintiff's Complaint further alleges the existence of an agency relationship between Doswell and the co-defendants and states that Doswell directed the acts that are the subject of the Complaint. Plaintiff has properly made an express claim for punitive damages in the ad damnum clause of the Complaint.

Accordingly, Doswell's demurrer to Plaintiff's failure to allege any grounds for punitive damages is overruled.

### II. Motion for Partial Summary Judgment

### A. *Standard of Review*

Summary judgment should be granted where "the only dispute concerns a pure question of law. It applies only to cases in which no trial is necessary because no evidence could affect the result." *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588, 591 (1954). "Summary judgment shall not be entered if any material fact is genuinely in dispute." Va. Sup. Ct. R. 3:20. "The burden of establishing the nonexistence of a genuine issue of fact is on the party moving for

summary judgment, and the court must view the facts and inferences in a light most favorable to the nonmoving party." W. Hamilton Bryson, *Virginia Civil Procedure*, § 6.07 (4th ed. 2005) (citing *Carson v. LeBlanc*, 245 Va. 135, 427 S.E.2d 189 (1993)). Summary judgment is based upon "the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings, or, upon sustaining a motion to strike the evidence." Va. Sup. Ct. R. 3:20.

## B. *Background*

Plaintiff filed a Motion for Partial Summary Judgment on the issue of the appropriate measure of damages against any defendant found liable for the wrongful removal of fill dirt from Plaintiff's property. Plaintiff argues the appropriate measure of damages for intentional trespass and conversion is the value of the fill-dirt taken from Plaintiff's real property on the open market plus the value of the labor used to excavate and transport the fill-dirt. Plaintiff argues the appropriate measure of damages for negligent trespass and conversion is the value of the fill dirt at the price for which Plaintiff could have sold it for prior to excavation and transport.

Defendants Harrell and Doswell also filed a Joint Motion for Partial Summary Judgment on the issue of the appropriate measure of damages. Harrell and Doswell argue that the fill-dirt has no special value as opposed to timber and coal. Therefore, the removal of fill dirt should be treated as an injury to property, in which case the proper measure of damages is the diminution in value to the real estate.

## C. *Analysis*

Plaintiff and Defendants Harrell and Doswell correctly state in their briefs that there is an absence of reported Virginia decisions specifically deciding the issue at bar regarding fill-dirt. Cases addressing the taking of timber and minerals provide guidance on the issue in this case.

In *Wood v. Weaver*, the Supreme Court of Virginia addressed the appropriate measure of damages for the wrongful cutting of timber. 121 Va. 250, 92 S.E. 1001 (1917). The Court held that the appropriate measure of damages for negligent trespass is "the value of the trees as they stood immediately before they were severed from the land. *Id.* at 258, 92 S.E. at 1003. When the trespass is willful, the plaintiff is entitled to "the benefit of the value of the chattel by the labor of the wrongdoer." *Id.* at 259, 92 S.E. at 1003.

The Court has distinguished damages to merchantable timber from damages to real property as follows:

> [w]here merchantable timber is injured or destroyed, we assess damages for such injury or destruction. If the growth is not merchantable, or is of special value, as a shade tree for example, we assess damages to the freehold. That is to say, the timber destroyed should be dealt with as such and the young growth on this land which had no merchantable value, but did add to its value, should be dealt with as a part of the land itself.

*Norfolk & W. RR. v. Richmond Cedar Works*, 160 Va. 790, 804, 170 S.E. 5, 9 (1933) (citations omitted). The general rule is that the proper measure of damages for injury to real property is the diminution in the market value of the property. *Id.* at 807, 170 S.E. at 10.

On summary judgment, if any material question of fact is in dispute, then the lawsuit should proceed to trial. W. Hamilton Bryson, *Virginia Civil Procedure*, § 6.07 (4th ed. 2005) (citing *Emerson v. Decker Realty Corp.*, 232 Va. 71, 348 S.E.2d 239 (1986); *Elliott & Assoc. v. Spotsylvania T.V., Inc.*, 12 Va. Cir. 81 (1987); *Potomac Elec. Power Co. v. Mon Paris Restaurant*, 12 Va. Cir. 74 (1987); *Lichtenstein v. Sandler*, 6 Va. Cir. 152 (1984); *Neal v. City of Richmond*, 3 Va. Cir. 84 (1983)). In the present case, the Court finds that questions of material fact remain in dispute, specifically, the issue of the merchantability or special value of fill-dirt, if any. Accordingly, the Motions for Partial Summary Judgment are denied.

## III. Conclusion

For the reasons articulated in this letter opinion, Defendant Doswell's demurrer is overruled. Additionally, Plaintiff's Motion for Partial Summary Judgment and Defendants Harrell and Doswell's Joint Motion for Partial Summary Judgment are denied.